IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES A. BOYD,

                    Petitioner,

          v.                          CASE NO. 03-3288-SAC

CHARLES E. SIMMONS, et al.,

                    Respondents.

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. 2254; however, the court construed it as an action under 28 U.S.C. 2241 because petitioner challenges the execution of his state sentences rather than the validity of his convictions.

## CLAIMS

Boyd claims his multiple sentences have been retroactively "enhanced" in that his parole eligibility and conditional release dates have been improperly calculated under state statutes governing sentence computation and parole eligibility. He further claims he has been denied access to the Kansas courts to litigate challenges to computation of his state sentences by the Kansas Department of Corrections' (KDOC) denial of access to legal books and materials. He asserts that his federal constitutional rights under the Ex Post Facto Clause and the First and Fourteenth Amendments are being violated.

## FACTS & PROCEDURAL HISTORY

The record and exhibits show that Boyd has convictions from "three (3) separate cases, each with multiple counts." Petitioner's Legal Memorandum in Support (Doc. 2)(hereinafter Memo), Exhibit 9.  In 1969, petitioner was convicted in Wyandotte County, Kansas, (Case No. 19384 CR)[1] of four counts, and sentenced to life for aggravated kidnaping plus 10-21 years for the three counts of robbery, to run concurrently.  In 1980 Boyd was convicted in McPherson County, Kansas (Case No. CR970) of four counts, and was sentenced to 5-20 years for aggravated burglary, 15 to life for the two counts of kidnaping, and life for aggravated kidnaping, all to run concurrently.  Id.  In 1992, Boyd was convicted in Sedgwick County, Kansas, (Case No. 91 CR 1514) of eight counts, one count each of rape, kidnaping, and aggravated kidnaping, and five counts of aggravated sodomy.  He was sentenced to 15 to life on each count, to run consecutively. Id.

In 2002, petitioner filed a state habeas action in Leavenworth County District Court (Case No. 0208HC0062) claiming that the computation of his 1992 sentence was unconstitutional. The judge appointed Kansas Legal Services for Prisoners, Inc., (KLSP) to represent him.  See Memo, Exh. 1.  Petitioner moved to terminate KLSP as his counsel, but his motion was denied. Counsel for the State and petitioner's counsel entered stipulated facts.  While petitioner's pro se pleadings and arguments are not easily comprehended, the findings of the state district judge are

---

[1]    In 2002, the judge hearing Boyd's state habeas action, found that this 1969 "case has no impact in the KDOC's calculation of Boyd's sentence as KDOC is treating CR970 as concurrent to this earlier case." Id. at 2.

quite clear in his order denying petitioner's 2002 state petition. The judge set forth in detail the calculation of petitioner's "sentence begin" and parole eligibility dates by the KDOC. In addition, he clearly set forth petitioner's ex post facto and incorrect calculation arguments presented to the state court – that Boyd desired all his sentences to be calculated under the pre-1983 version of K.S.A. 21-4608, which governed calculation of indeterminate and aggregated sentences and the pre-1982 version of K.S.A. 22-3717, which governed calculation of parole eligibility. The Leavenworth judge cited pertinent Kansas law, and his legal analysis is equally clear:

> The 1983 amendments to K.S.A. 21-4608 and 1982 amendments to K.S.A. 22-3717 did nothing more than prospectively define new, more drastic consequences if a new crime is committed. See Thomas v. Hannigan, [27 Kan. App.2d 614 (2000)]. In the present case, the actual criminal violations which have triggered 21-4608 and 22-3717 occurred after the 1982 and 1983 modification. Therefore there is no ex post facto violation. . . . The petitioner could have avoided the consequences of the amendments by conforming his conduct to the requirements of the amendments.

Id. at 5. The state court denied all relief on December 26, 2002. Petitioner exhibits a letter from his KLSP attorney informing him of the denial and advising, "although you have a right to appeal this decision, I see absolutely no legal merit to an appeal;" and if "you decide" to appeal anyway, "you need to file a notice of appeal. . . ." Boyd exhibits his pro se "Notice of Appeal," which was filed on January 13, 2003, asking the Kansas Supreme Court[2] to reverse the district court denial. Id.,

---

[2]    Respondent advises that Boyd did not file a Notice of Appeal to the Kansas Court of Appeals, but instead filed an "original action" in the Kansas Supreme Court seeking a writ of habeas corpus, which was received and denied as an original action rather than an appeal of the district court's denial of his

Exh. 11.   The Kansas Supreme Court summarily denied Boyd's "Petition for Writ of Habeas Corpus" on June 26, 2003.   <u>Id</u>. Exh. 25.

After Boyd filed his federal petition, this court issued a show cause order.   Respondents filed a Motion to Dismiss arguing that this action was not filed within the applicable statute of limitations.   Petitioner's counsel thereafter filed a Motion for Summary Judgment asserting that respondents' Motion to Dismiss was not a proper response to this court's order.   Petitioner's counsel has also filed a Response in opposition to respondents' Motion to Dismiss and a request for an evidentiary hearing on the timeliness question raised in the motion.

**PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

At the outset, the court denies petitioner's Motion for Summary Judgment (Doc. 44).   As the basis for this motion, petitioner argues that respondents have failed to file an "Answer" as described in Rule 5 of the Rules Governing Section 2254 Cases, 28 U.S.C., responding to the merits of Boyd's petition and contesting his allegations; and that respondents' Motion to Dismiss is an "insufficient answer" to the court's Show Cause Order.   Counsel for petitioner cites no current, relevant legal authority precluding the filing of a Motion to Dismiss under the circumstances of this case.   This court holds that given its discretion in applying the current Rules governing

_____

state post-conviction motion. The questions of whether or not Boyd has fully exhausted state court remedies by properly proceeding through one complete round of state court review, and whether he has presented in state court the precise claims he raises in his federal petition are not decided herein.

habeas cases, and under the intent and wording of its Order issued on December 4, 2003, a Motion to Dismiss was an appropriate response based, as it is, upon substantial facts indicating that the timeliness of petitioner's application is at issue.  It is in the interest of judicial economy and has been the accepted practice in this district to allow the timeliness of a federal habeas petition to be raised and determined in a motion to dismiss.

## TIMELINESS OF PETITION

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas corpus petitions challenging the execution of a state sentence under 28 U.S.C. 2241 are subject to a one-year period of limitations.  Section 2244(d), 28 U.S.C., pertinently provides that the period runs from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review [subsection (A)]; or the date on which an impediment to filing a petition created by State action in violation of federal law is removed if the petitioner was prevented from filing by such state action [subsection (B)]; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence [subsection (D)].

It is not disputed that Boyd's numerous convictions were all "final" before 1996.  AEDPA was enacted on April 24, 1996. Petitioner correctly acknowledges in his Response that under

controlling authority for those whose convictions became final prior to AEDPA, the limitations period commenced running on April 24, 1996.  Response (Doc. 43) at 5, *citing* Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998); see also, Moore v. Gibson, 250 F.3d 1295, 1297 (10th Cir. 2001).  Under 2244(d)(1)(A), absent some tolling event, Boyd had one year or until April 23, 1997, to file his federal habeas corpus petition.  The instant Petition was not filed until 2004.

In Boyd's Response to the Motion to Dismiss, he contends he is entitled to "statutory and equitable tolling" of the limitations period.  Section 2244 allows tolling during the pendency of relevant state collateral actions.  Subsection (d)(2) of Section 2244 provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondents allege, and petitioner does not dispute, that the only matters filed and pending in state court after petitioner's convictions became final were his motion to modify sentence, which was denied in 1993 and not appealed; and his state habeas action filed in 2002.  Since neither of these state actions was filed or pending between April 24, 1996, and April 23, 1997, no entitlement to tolling under 2244(d)(2) is shown.

As noted, under Section 2244(d)(1)(D) the limitations period may be found not to have commenced until the date on which the "factual predicate" of the claims "could have been discovered through the exercise of due diligence."  Boyd contends that the

limitations period in this case did not commence upon enactment of AEDPA because he did not or was unable to discover the alleged miscalculation of his sentences until long after.  In support, he asserts that he was diligent, but "stymied", in pursuing his claims.  However, petitioner does not suggest the date on which he could have, or actually, discovered his claims but alleges counsel is "still investigating the exact date."  Petitioner disputes, as having no factual support, respondents' allegation that petitioner has been aware of the calculation of his sentence begin and parole eligibility dates at least since 1995.

This court has no difficulty finding that the factual predicate of petitioner's claims probably was and certainly "could have been discovered through the exercise of due diligence" prior to the enactment of AEDPA.  As a general rule, "under federal law governing statutes of limitations, a cause of action accrues when all events necessary to state a claim have occurred."  See United States v. Hess, 194 F.3d 1164, 1175 (10th Cir. 1999).  Petitioner's Exhibit 17 attached to his Memo is a KDOC "Interstate Corrections Compact Status Review" dated September 23, 1993.  The challenged "Sentence Begin Date" and a years-worse parole eligibility date are set forth therein. Petitioner's Exhibit 19 includes additional bi-annual reviews dated from January 28, 1993, through August 30, 2000, each providing the petitioner's parole eligibility and sentence begin dates.  Thus, petitioner's own exhibits of his prison records demonstrate that the dates he seeks to challenge herein were computed and recorded as early as 1993 and repeatedly reviewed

prior to passage of AEDPA. There is no allegation that petitioner was not provided copies of these regular reviews or access to his own prison sentence computation records. Petitioner's other exhibits and his arguments further demonstrate that he was aware of these dates and questioned them long before AEDPA. The court concludes that the commencement of the running of the statute of limitations in this case was not delayed past the enactment of AEDPA by petitioner's lack of ability to discover the factual[3] basis for his claims.

Petitioner similarly argues, more aptly under Section 2244(d)(1)(B), that the State created an impediment to the filing of his federal petition in the form of denial of access, which was in violation of constitutional law, and that lack of access prevented timely filing. The court finds that Boyd's allegations and exhibits proffered in support of this argument fall far short of establishing that his failure to file his claims in state or federal court within the limitations period was the result of denial of access. It is not disputed that the law library in the Washington State Penitentiary where Boyd is confined contains no Kansas Law. Petitioner alleges that he wrote a letter in November, 1992, to the KDOC inquiring about the "calculation of his sentence;" and exhibits their response, which provided information. Memo, Exh. 2. This letter was written years before the limitations period commenced, and provides no proof of Boyd's diligence during the period. Petitioner also exhibits his letter

---

[3] Petitioner's argument regarding delayed discovery is based more upon his complaint that he was prevented from discovering the legal, rather than the factual, basis for his claims. Section 2244(d)(1)(D) refer to a claim's factual, not its legal, basis.

dated August 24, 1998[4], to the KLSP requesting "a copy of K.S.A. 22-3317[5] and any new laws you have on multiple sentences and Class (A) sentences-Life Sentences." Exhibits in Support (Doc. 50) Exh. 1. A 1999 letter is also exhibited from a KDOC official in response to Boyd's requests to be returned to Kansas and for legal materials, in which Boyd is informed that "any request . . . for legal assistance or materials should be forwarded to (KLSP)." Memo, Exh. 20. These 2 letters were written after expiration of the limitations period, and do not demonstrate petitioner's diligence before it expired.

Boyd also alleges that "right after the passage of AEDPA and well before the expiration of the one-year statute," he wrote to KLSP "requesting legal advice about the computation of his sentence and requesting legal materials." Response (Doc. 43) at 2. He cites a September, 1996 letter in which he sought "legal information that would guide me into getting charges and sentences which I received in 1992, to run all current (sic) with charges and sentences I received in 1980." Memo, Exh. 5. Boyd also exhibits his "Declaration" filed in state court averring that he wrote this 1996 letter requesting legal advice about amendments to K.S.A. 22-3717 and how they applied to his sentences. Memo, Exh. 6. He further "declared" therein that the KLSP attorney did not send him legal materials, but responded with legal advice, which he averred was erroneous and "prolonged"

---

[4]      Petitioner alleges in his supplemental pleading (Doc. 50) that this 1998 letter was "neither (his) first nor last request for legal materials."

[5]      Presumably, petitioner meant K.S.A. 22-3717.

the filing of his state habeas action. Id. In Boyd's Response, he acknowledges he "did not write every month or year" but asserts "it would be hard to imagine a more compelling case of diligence." Response (Doc. 43) at 10.

As additional support for his impediment argument, petitioner alleges that "since the time of his sentence," he has "sought and been denied access to counsel," and "to relevant legal materials." Response (Doc. 43) at 1. He further alleges that "State appointed counsel not only had a conflict of interest and failed to adequately represent him," but also "affirmatively misled" him. Id. These conclusory allegations together with his one letter written[6] during the limitations period do not establish that his access to either court system was impeded to the extent that he was unable to timely file his federal petition.

A plaintiff "alleging denial of access to the courts must show, not merely the inadequacy of the legal materials available to him," but also that the alleged shortcomings have "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). Boyd does not explain how his lack of knowledge of Kansas law or access to any particular Kansas legal materials prevented him from filing documents or litigating his claim of incorrect sentence computation in the Kansas or federal courts during the entire year of the limitations period. Moreover, Boyd has indicated that he obtained some legal materials from other sources. In addition, Boyd does not state factual allegations indicating that his claims are nonfrivolous grounds for federal

---

[6]     As noted, this 1996 letter was responded to by the provision of legal advice.

habeas corpus relief.  McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001).  The court concludes that Boyd's allegations do not rise to the level of an unconstitutional state-created impediment so as to invoke the later onset of the limitations period provided for by Section 2244(d)(1)(A).

The court also rejects Boyd's argument that he is entitled to equitable tolling based upon the same inadequately alleged denial of access.  Equitable tolling is limited to "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).  It is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling would be appropriate, for example, when a prisoner is "actually innocent," an "adversary's conduct, or other uncontrollable circumstances, prevents a prisoner from timely filing," or "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).  The circumstances claimed to be exceptional by petitioner are not analogous to these.  More analogous are ignorance of the law and the absence or inadequacy of legal assistance, which the Tenth Circuit has specifically held are not

reasons justifying tolling.  Marsh, 223 F.3d at 1220.  The Tenth Circuit has held directly on point that "it is not enough to say that the (prison) facility lacked all relevant statutes and case law . . . ."  Miller, 141 F.3d at 978; see also Scott v. Johnson, 227 F.3d 260, 263, FN3 (5th Cir. 2000), cert. denied, 523 U.S. 963 (2001)(An "inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling.").

The main issue is whether Boyd's lack of access to a prison law library denied him "meaningful access to the courts" which posed an extraordinary circumstance sufficient to equitably toll the limitation period.  The constitutional right to access the courts has been firmly established in Supreme Court case law.  See e.g., Bounds v. Smith, 430 U.S. 817 (1977); Wolff v. McDonnell, 418 U.S. 539 (1974); Johnson v. Avery, 393 U.S. 483 (1969).  Prisoners have a constitutional right of access to challenge the validity of their sentences, and part of this constitutional right is a requirement that prison officials assist inmates in filing nonfrivolous legal claims "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Lewis, 518 U.S. at 346 (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977), modified by Lewis, 518 at 351-55; see also Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996).  However, inmates are not guaranteed the "wherewithal to transform themselves into litigating engines" but only the tools "inmates need in order to attack their sentences."  Lewis, 518 U.S. at 355.  The "Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized

research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." Lewis, 518 U.S. at 360.

Boyd acknowledges he was provided assistance of counsel, but argues the KLSP attorneys gave him erroneous advice, did not adequately represent him in state proceedings, had a conflict of interest, and misled him.  Exhibits filed by Boyd establish that he was provided legal counsel by the KDOC rather than access to a library containing Kansas law.  The state habeas judge so found in his order in denying Boyd's "second motion to terminate counsel:"

> The inmate is an interstate compact prisoner being housed in the state of Washington.  This Court believes that the petitioner's right of access to the court is satisfied if, in lieu of a law library, adequate assistance of counsel is provided.  The Court finds that the appointment of Legal Services for Prisoners, Inc. provides the petitioner with adequate assistance of counsel.  The Court further finds that this appointment satisfies the requirements set forth in Lewis v. Casey, 518 U.S. 343 and Bounds v. Smith, 430 U.S. 817).

Memo, Exhibit 8.  The record contains no evidence that KLSP counsel provided by the State of Kansas to represent Boyd in state collateral proceedings and to render legal advice in lieu of a prison law library, failed to satisfy the State's obligation to provide legal access to inmate Boyd.  Moreover, since there is no right to assistance of counsel in state habeas proceeding, Boyd's allegations that appointed counsel  ineffectively represented him in those proceedings do not entitle him to equitable tolling.  See Coleman v. Thompson, 501 U.S. 722, 756-57

13

(1991).

In any event, the conflict of interest petitioner alleges existed between the two KLSP attorneys who advised him is not based upon substantial facts.  In addition, the stipulated facts and pleadings exhibited from the state court proceedings evince that appointed counsel clearly presented Boyd's claims to the state court, rather than inadequate representation.  Moreover, this court has no reason to believe, other than petitioner's conclusory allegations, that the advice given by the KLSP attorneys --that Boyd's sentences are correctly calculated and he has no valid claim otherwise-- was erroneous.  While a prison inmate maintains the right to access the courts, the Constitution does not entitle him to assistance in the pursuit frivolous claims.

Since the court finds that this action is time-barred, it need not determine the merits.  However, the court briefly states its basis for finding herein by implication that petitioner's claims are not "nonfrivolous."  Boyd presents no facts whatsoever indicating that the calculation of his state sentences is anything other than purely a matter of state law.  The federal writ of habeas corpus "shall not extend to a prisoner unless" he is "in custody in violation of the Constitution or laws" of the United States.  28 U.S.C. 2241(c)(3).  The computation or aggregation of multiple state sentences entered in multiple cases and the effect of parole violation are matters governed by state statutes and regulations.  Thus, they involve questions of state law, which are not proper grounds for federal habeas corpus

relief under Section 2241.  <u>See</u> <u>Overturf v. Massie</u>, 385 F.3d 1276, 1279 (10th Cir. 2004); <u>Montez v. McKinna</u>, 208 F.3d 862, 865 (10th Cir. 2000).  As the Supreme Court has noted, "almost all states have habitual offender statutes, and many states provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions."  <u>Garlott v. Fordice</u>, 515 U.S. 39, 45 (1995).

The court also notes, that petitioner complains he is being denied access to legal materials by the KDOC, a state agency, but fails to demonstrate that he has presented all facts, which he alleges amounted to denial of access, for orderly resolution by way of the available administrative grievance procedures.  Full exhaustion of administrative remedies is a prerequisite to federal habeas review of sentence execution.  <u>See</u> <u>United States v. Woods</u>, 888 F.2d 653, 654 (10th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1006 (1990).

The court additionally finds that petitioner's argument asserting actual innocence is frivolous.


## MOTION FOR EVIDENTIARY HEARING

The court concludes from the undisputed facts in the record and pleadings that the statute of limitations expired with no tolling event or exceptional circumstances beyond petitioner's control having occurred.  It necessarily follows that no purpose would be served by conducting an evidentiary hearing on the issue of equitable tolling.  Accordingly, petitioner's motion for an evidentiary hearing on this issue (Doc. 47) is denied.  The court

further concludes that this action must be dismissed and all relief denied as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED that petitioner's Motion for Summary Judgment (Doc. 44) is denied; that petitioner's Motion for Evidentiary Hearing on Equitable Tolling (Doc. 47) is denied; and that respondents' Motion to Dismiss (Doc. 32) is sustained.**

**IT IS FURTHER ORDERED that this action is dismissed as time barred and all relief is denied.**

**IT IS SO ORDERED.**

Dated this 26th day of January, 2005, at Topeka, Kansas.


                              s/Sam A. Crow
                              U. S. Senior District Judge

16